UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRONIN,<br><br>    Petitioner/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff. | Civil No. 06cv1017-L<br>Criminal No. 01cr2333-L<br><br>**ORDER DENYING MOTION AND REQUEST FOR SENTENCE MODIFICATION PURSUANT TO 18 U.S.C. § 3582; OR IN THE ALTERNATIVE 28 U.S.C. §§ 2255, 2241** |

On May 8, 2006, Petitioner Robert Cronin filed a Motion and Request for Sentence Modification Pursuant to 18 U.S.C. § 3582, or in the alternative, 28 U.S.C. §§ 2255 and 2241. Petitioner maintains he is entitled to a sentence modification because the Government violated his plea agreement and because Petitioner subsequently expunged misdemeanor traffic convictions that were used in calculating his criminal history category at sentencing.

Petitioner is not entitled to relief under the authorities he cites. 18 U.S.C. § 3582 permits a sentencing court to modify a term of imprisonment on motion of a defendant only in cases where the sentence of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Petitioner's 120-month sentence is the statutory mandatory minimum term of

imprisonment required by 21 U.S.C. §§ 952 and 960. Petitioner's term of imprisonment was thus determined by statute, it was not based on the applicable Sentencing Guideline range[1], let alone a sentencing range which has been subsequently lowered by the U.S. Sentencing Commission. Furthermore, Petitioner's assertion that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), created authority to reopen proceedings under § 3582(c) has been rejected by the Ninth Circuit. *See United States v. Hicks,* 472 F.3d 1167, 1171 ("...[E]very court to consider this argument has rejected it because § 3582(c)(2) allows re-sentencing only when the Commission lowers an applicable guideline range. *Booker* did not lower any sentencing ranges; it simply rendered the Guidelines advisory."). Therefore, 18 U.S.C. § 3582 is inapplicable in this case.

Petitioner has already filed a previous motion under 28 U.S.C. § 2255, and that motion was denied by this Court on August 9, 2004. Therefore, Petitioner's instant motion cannot be construed as a 28 U.S.C. § 2255 motion because it is both barred by time and as a second or successive motion not authorized by the court of appeals.

Nor can Petitioner's motion be construed under 28 U.S.C. § 2241 because habeas corpus relief pursuant to § 2241 is not a remedy available to Defendant on these grounds or in this forum. 28 U.S.C. § 2241 is applicable to claims challenging the manner, location, or execution of the sentence and such claims must be brought in the district of confinement. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Here, the grounds alleged in Defendant's petition do not pertain to the manner, location, or execution of the sentence, nor has the petition been filed in the district of confinement, which appears to be the Central District of California. Petitioner does not qualify under the "escape hatch" exception of § 2255 that would permit him to file a petition under § 2241 because he makes no claim of actual innocence. See *Ivy v. Pontesso*, 328 F.3d 1057, 1060 ( recognizing that a § 2241 petition is available under the "escape

///
///

---

[1] The Sentencing Guideline range applicable to Petitioner, with a total offense level of 29 and a criminal history category of V, was 140 to 175 months.

Case 3:06-cv-01017-L   Document 1   Filed 08/06/07   PageID.3   Page 3 of 3

hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim).

For these reasons, Petitioner's Motion and Request for Sentence Modification is **HEREBY DENIED**.

**IT IS SO ORDERED**.

DATED: August 6, 2007

_____
M. James Lorenz
United States District Court Judge

3                                                06cv1017; 01cr2333